# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRENEIDA GOTTSCHALK,**

        Plaintiff,

        -vs-                              Case No. 10-C-262

**J.P. MORGAN CHASE BANK,**

        Defendant.

## DECISION AND ORDER

Breneida Gottschalk ("Gottschalk"), appearing *pro se*, filed this discrimination complaint against J.P. Morgan Chase Bank on March 26, 2010. On August 4, Gottschalk moved for default judgment based upon the defendant's failure to answer the complaint within 21 days of service. The Clerk entered default on August 5. On August 20 and August 23, the defendant moved to set aside the default and to dismiss on the basis of insufficient service of process.

A party seeking to vacate an entry of default prior to the entry of final judgment must show (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009); Fed. R. Civ. P. 55(c). Gottschalk failed to serve the defendant with a copy of the summons. Fed. R. Civ. P. 4(c)(1). Therefore, defendant has good cause for its default because of the failure to effect proper service, and a meritorious defense because any potential judgment

would be void for lack of personal jurisdiction. The defendant also took quick action to correct the entry of default.

Not content with merely setting aside the entry of default, defendant also moves to dismiss because the 120 day period for service expired under Federal Rule of Civil Procedure 4(m). In this situation, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Gottschalk does not establish good cause for her failure to make timely service. "Good cause means a valid reason for the delay, such as the defendant's evading service." *Coleman v. Milwaukee Board of School Directors*, 290 F.3d 932, 934 (7th Cir. 2002). Gottschalk offers no real justification for her delay in effecting service.

Even so, the Court may exercise its discretion to allow an extension. Courts consider the following factors: "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service . . ." *Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). This is a Title VII case, so dismissal without prejudice will have the same effect as dismissal with prejudice. *See* 42 U.S.C. § 2000e-5(f)(1); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001) (90 day statute of limitations begins to run after receipt of notice of a right to sue letter).[1] There is no discernable prejudice to the defendant by a slight delay in service. Defendant's limited purpose appearance

---

[1] Gottschalk's right-to-sue letter was issued on December 29, 2009.

-2-

demonstrates actual notice of this lawsuit. Finally, even though Gottschalk pushed for default judgment instead of rectifying her improper service efforts, the Court is inclined to overlook this tactical mistake in light of her *pro se* status. Therefore, the Court will grant an extension of time for Ms. Gottschalk to effect proper service on the defendant.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Gottschalk's motion for default judgment [D. 11] is **DENIED**;

2. Defendant's motion to set aside default [D. 19] is **GRANTED**;

3. Defendant's motion to dismiss [D. 19] is **DENIED**; and

4. The time limit for service under Fed. R. Civ. P. 4(m) is extended until **November 19, 2010**. **If Gottschalk fails to effect proper service on or before November 19, 2010, THIS MATTER WILL BE DISMISSED.**

Dated at Milwaukee, Wisconsin, this  19th  day of October, 2010.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

-3-