# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRENEIDA GOTTSCHALK,**

        Plaintiff,

  -vs-

**Case No. 10-C-262**

**JP MORGAN CHASE BANK,**

        Defendant.

# DECISION AND ORDER

*Pro se* plaintiff Breneida Gottschalk ("Gottschalk") moves for reconsideration of the Court's dismissal of her case for improper service. Since Ms. Gottschalk's motion was filed within 28 days of the Court's order, this motion is construed as a motion to alter or amend judgment. Fed. R. Civ. P. 59(e). The only grounds for a Rule 59(e) motion are newly discovered evidence, an intervening change in the controlling law, and manifest error of law or fact. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). "Once judgment has been entered, there is a presumption that the case is finished, and the burden is on the party who wants to upset that judgment to show the court that there is good reason to set it aside." *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009).

On October 19, the Court found that Ms. Gottschalk failed to serve the defendant with a summons as required by Rule 4(c). The Court extended the 120-day time period for service under Rule 4(m) and ordered as follows: "If Gottschalk fails to effect proper service on or before November 19, 2010, THIS MATTER WILL BE DISMISSED." Ms. Gottschalk hired

a process server, who timely attempted service on November 15. However, the materials served by the process server did not include a summons. D. 33-35. Therefore, the Court issued an order dismissing Ms. Gottschalk's complaint. The Court denied a previous motion for reconsideration[1] and eventually entered judgment on February 24.

Ms. Gottschalk's latest motion is an expanded version of her previous motion. She is under the apparent impression that the reason her case was dismissed is because her original pleadings incorrectly identified the defendant as "JP Morgan Chase Bank," not Chase Home Finance LLC. Ms. Gottschalk is incorrect. It doesn't matter that the pleadings included the incorrect name. All that matters is that the defendant – Chase Home Finance, LLC, incorrectly identified in the original complaint as JP Morgan Chase Bank – was not served with a summons. Ms. Gottschalk was told multiple times by opposing counsel and the Court that she needed to serve the defendant with a summons along with the complaint. The Court *sua sponte* found good cause to extend the 120-day time period for service, long after the time period expired in the first instance, mostly because of Ms. Gottschalk's status as a *pro se* litigant. Even after the Court's final warning, for whatever reason, Ms. Gottschalk still failed to effect proper service by serving the defendant with a summons. The Court's dismissal was not a manifest error of law or fact. "Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. '[S]ervice of summons is the procedure by which a court having venue

---

[1] The Court characterized Ms. Gottschalk's first motion to reconsider as a Rule 59(e) motion, but in reality it was a Rule 54(b) motion because it was filed prior to the entry of judgment. The substantive standards are the same in any event. *Woods v. Resnick*, 725 F. Supp. 2d 809, 827-28 (W.D. Wis. 2010).

-2-

and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (quoting *Miss. Publ. Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)).

The Court also notes that Ms. Gottschalk has inundated this Court's chambers and the staff in the Clerk's office with phone calls and queries regarding her case. This must stop. Ms. Gottschalk's case is dismissed and there is nothing more that can be done to advance her case at the district court level. Ms. Gottschalk's only remaining option is an appeal to the Seventh Circuit Court of Appeals. She has 30 days from the date of this order to appeal, which can be accomplished by filing a notice of appeal with the Clerk's Office for the Eastern District of Wisconsin. Fed. R. App. P. 4(a)(1)(A); Fed. R. App. P. 4(a)(4)(A). Ms. Gottschalk can also request leave to proceed *in forma pauperis* on appeal. Fed. R. App. P. 24(a)(1). If Ms. Gottschalk simply files another motion to reconsider, it will be subject to summary dismissal and may expose her to sanctions.

**IT IS HEREBY ORDERED THAT** Gottschalk's motion for reconsideration [D. 47] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2011.

                                        **SO ORDERED,**

                                        *s/ Rudolph T. Randa*
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**